## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**ROXUL USA, INC.,**
a Delaware corporation,
d/b/a, "ROCKWOOL,"

   Plaintiff,

v.             **CIVIL ACTION NO.: 3:19-CV-54 (GROH)**

**BOARD OF EDUCATION**
**OF THE COUNTY OF JEFFERSON,**
a West Virginia county board of education,

   Defendant.

### ORDER GRANTING MOTION FOR LIMITED, EXPEDITED DISCOVERY

Now before the Court is the Plaintiff's Motion for Limited, Expedited Discovery [ECF No. 9], filed on April 16, 2019. Therein, the Plaintiff moves the Court for an order permitting it to engage in limited, expedited discovery in advance of the April 30, 2019 hearing on its motion for a temporary restraining order or preliminary injunction. Specifically, the Plaintiff seeks an order directing the Defendant to: (1) respond to Rockwool's first request for production of documents [ECF No. 9-3]; and (2) produce a designee to testify at a Rule 30(b)(6) deposition in accordance with Rockwool's notice of rule 30(b)(6) deposition [ECF No. 9-4].

"District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996); see also Seaside Farm Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016) (holding that "[d]istrict courts exercise broad discretion over discovery issues"). Under Federal Rule of

Civil Procedure Rule 26(d)(1), a party may seek discovery before the parties have conferred as required by Rule 26(f) "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Pursuant to Rule 26(d), as well as 30(a), 33(b), 34(b) and 36, courts may "adjust the timing requirements imposed . . . and if warranted . . . expedite the time for responding to the discovery sought." Lab Corp. of Am. Holdings v. Cardinal Health Sys., Inc. 2010 WL 3945111, at * 3 (E.D.N.C. October 6, 2010). Courts often grant expedited discovery requests in conjunction with motions for preliminary injunctions. See id.; Malon v. Franklin Fin. Corp., 2014 WL 5795730, at *3 (E.D. Va. Nov. 6, 2014); Asheboro Paper & Packaging, Inc. v. Dickinson, 599 F. Supp. 2d 664, 668 (M.D.N.C. 2009). When considering a request for expedited discovery, the court should apply "a standard based on reasonableness or good cause, taking into account the totality of the circumstances." Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005).

Here, the Plaintiff seeks discovery in light of the upcoming hearing on its motion for a TRO or preliminary injunction, scheduled for April 30, 2019. The Plaintiff has reasonably tailored its discovery requests to issues that pertain directly to its motion for injunctive relief. Because the Plaintiff will need to present evidence at the hearing with respect to its motion, the Court finds good cause to permit the Plaintiff to engage in the limited discovery it has requested.

Accordingly, upon review and consideration, the Plaintiff's Motion for Limited, Expedited Discovery is hereby **GRANTED**. The Defendant is **ORDERED** to respond to the Plaintiff's first request for production of documents [ECF No. 9-3], and to produce a designee to testify at a Rule 30(b)(6) deposition at a mutually convenient time and place on or before April 28, 2019.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** April 16, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE